IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

| | |
|---|---|
| BUSINESS ENABLED ACQUISITION AND TECHNOLOGY, INC.,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | Case No. 26-1025<br>Judge Carolyn N. Lerner |

**INSERSO CORPORATION'S MOTION TO INTERVENE**

As the awardee under Solicitation No. FA8903-26-S-C001 ("Solicitation"), issued by the U.S. Department of the Air Force, Inserso Corporation ("Inserso") moves to intervene in this protest. Counsel for both the Defendant, the United States, and Plaintiff, Business Enabled Acquisition and Technology, Inc. ("BEAT"), have indicated that they do not object to Inserso's motion.

Inserso is the successful awardee and its intervention is appropriate. Under Rule 24(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), a party may intervene as of right when it claims an interest in the transaction at issue, and the disposition may impair its ability to protect that interest, unless the existing parties adequately represent it. In assessing intervention as of right, the Court considers whether: (1) the motion to intervene is timely; (2) the interest is legally protectable; (3) the interest is direct and immediate; and (4) the existing parties adequately represent the movant's interest. *KGL Food Servs. WLL v. United States*, 138 Fed. Cl. 607, 609 (2018). The Court liberally construes these requirements "in favor of intervention." *Winston-*

*Salem Indus. for the Blind, Inc. v. United States*, 144 Fed. Cl. 644, 645 (2019) (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)).

Inserso meets this standard. First, Inserso's motion is timely because it was filed promptly after the protest was filed and before any status conference or substantive proceedings. Thus, intervention will not delay this matter. Second, Inserso has a legally protectable interest in this procurement as the awardee. *E.g.*, *Glob. K9 Prot. Grp., LLC v. United States*, 175 F.4th 1348, 1354 (Fed. Cir. 2026) ("[A]wardees typically have an interest in the awarded contract under R. Ct. Fed. Cl. 24(a)(2) that suffices to enable intervention as of right."). Third, Inserso's interest is direct and immediate because Inserso is the successful awardee, and the Court's decision will determine whether Inserso may begin performance or face further delay, and whether Inserso may retain the award that it already won. *Id.*; *see also Am. Renovation & Const. Co. v. United States*, 65 Fed. Cl. 254, 260 (2005). Fourth, the Government's interest in this procurement is distinct from Inserso's and, as such, the Government does not adequately represent Inserso's interest in this procurement. *See e.g.*, *Air Borealis Ltd. P'ship v. United States*, 162 Fed. Cl. 778, 782 (2022) ("[T]he government's interest in receiving contractual performance and defending its decisions . . . is distinct from a contractor's interest in receiving an award and being paid."); *Mitchco Int'l, Inc. v. United States*, 149 Fed. Cl. 683, 685 (2020) (similar). Thus, the Court should grant Inserso's request to intervene as of right. *Emerald Coast Finest Produce Co. Inc. v. United States*, 74 Fed. Cl. 679, 680 (2006); *see also Air Borealis Ltd. P'ship*, 162 Fed. Cl. at 781 n.3 ("Many decisions from this Court grant intervention as of right to successful offerors in bid protests, often as a matter of course with little debate."); *id.* at 783 ("this Court usually allows successful offerors in bid protests to intervene as of right").

Alternatively, Inserso should be permitted to permissibly intervene pursuant to RCFC

24(b)(1)(B) because Inserso shares common questions of law and fact with the main action, and it is uniquely situated to provide input as the awardee. *See Air Borealis Ltd. P'ship*, 162 Fed. Cl. at 783; *Mitchco Int'l*, 149 Fed. Cl. at 685.

For these reasons, Inserso respectfully requests that the Court grant this Motion to Intervene and allow Inserso to participate in the protest as Intervenor-Defendant.

Dated: July 22, 2026

Respectfully submitted,

s/Dawn E. Stern
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4405 (phone)
dawn.stern@us.dlapiper.com
*Counsel for Inserso Corporation*

Of Counsel:

David R. Lacker
Blaine L. Hutchison
DLA Piper LLP (US)